MYERS, Appellant, *vs.* SCHNEIDER, Respondent.

1. When a case is called for trial, the court is not bound to wait for a party to prepare an affidavit for a continuance, it appearing that he had previously had an opportunity to prepare it.

*Appeal from St. Louis Circuit Court.*

Action on an open account, commenced in March, 1851. When the case was called for trial on the 20th of May, 1854, the defendant applied for a continuance, and in support of his application, presented an affidavit, setting forth that the case was originally set for May 25th, and that Amand Schneider, a material witness for the defence, had been sent away from the city, with instructions to return by that day; also that Robert B. Catherwood, the only witness who was fully acquainted with the facts constituting the defence, had left the city unexpectedly to the defendant, and that due diligence had been used to take his deposition, but that the same could not be

procured in time for trial at the present term. The court over-ruled the application for a continuance, but laid the case over until May 25th, the day for which it had originally been set. When the case was called for trial on May 25th, the defendant again moved for a continuance on account of the absence of R. B. Catherwood, and *in support of his motion stated that he* would prepare an affidavit setting forth the same facts in regard to said Catherwood contained in his affidavit made on the former application. The court refused to wait for the affidavit, or to grant a continuance. The defendant excepted, and after judgment against him, appealed to this court.

*B. A. Hill,* for appellant.

*C. B. Lord,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

The only point presented by this record involves the correctness of the ruling of the court below in regard to the continuance. The defendant moved to continue, and filed his affidavit. The absence of two witnesses, whom he deemed material to his defence, formed the ground of the application. The court continued it until the day appointed for the return of one of these witnesses. On that day, the application was renewed for the absence of one only. At this application, the defendant had not prepared his affidavit, but stated it would embrace the substance of the first affidavit filed on first application. The court refused to wait for a second affidavit, and overruled the motion to continue. We consider that the court is not bound to wait, when the case is called, for the party then to make his affidavit, who has had an opportunity, as this case shows this defendant had, to have prepared his affidavit in time before the calling of the case. Here, the defendant knew his New Orleans witness had not come, and, in all probability, would not come in time for the trial. Why, then, wait until the case is called for trial, and then ask for time to make an affidavit? It was his duty to be prepared beforehand, and he had an opportunity of making this preparation.

This court cannot say, from the record before us, that the lower court erred in refusing a continuance. This is a subject properly in the discretion of the lower court, and, unless we see it abused, we will not interfere.

Let the judgment be affirmed, the other judges concurring.